David M. Crosby, Esq.
Nevada Bar No. 003499
CROSBY & ASSOCIATES
711 S. 8th St.
Las Vegas, Nevada   89101
(702) 382-2600
Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re | Case No. BK-S-08-21743-LBR |
| | Chapter 13 |
| JULIUS RAMOS ILAGAN | TRUSTEE: Rick A. Yarnall |
| Debtor | Hearing Date: 02/03/2010 |
| | Hearing Time: 10:30 a.m. |

**DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM STAY REGARDING**

**4828 TEAL PETALS ST., NORTH LAS VEGAS, NV 89081**

Come now Debtor, Julius Ramos Ilagan ("Debtor"), by and through his legal counsel, David M. Crosby, of the law firm of Crosby & Associates, who respectfully oppose the Motion For Relief From Automatic Stay filed by U.S. Bank. N.A. ("Movant")

This Opposition is based on the Memorandum of Points and Authorities attached hereto as well as any oral arguments which the court may accept at the time of hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**
**STATEMENT OF FACTS**

1.  On or about October 7, 2008, a loan was originated for which the property located at 4828 Teal Petals St., North Las Vegas, NV 89081("Subject Property"), was security in the principal sum of $246,050.00, for which a Note was executed in favor of R.N.B. Inc. dba Cornerstone Mortgage Company.

2.  Said loan was secured by a Deed of Trust issued for the benefit of R.N.B. Inc. dba Cornerstone Mortgage Company.

3.  The Debtor filed their voluntary Chapter 13 petition on October 7, 2008.

4.  Movant has failed to provide sufficient information to support their standing to bring this case and their argument.

5.  The Debtor has tried to do loan modification and has been required to be delinquent to accomplish the loan modification.

**POINTS AND AUTHORITIES**

**A.     Movants are not parties in interest under the Mitchell standard.**

Pursuant to Fed. R. Civ. P. 17, an action must be prosecuted in the name of the real party in interest. As a result, and as this Court insightfully noted in the recent Mitchell decision (BK-S-07-16226-LBR), a person who is an attorney-in-fact or an agent solely for the purpose of bringing suit is viewed as nominal rather than a real party in interest and will be required to litigate in the name of his principal rather than his own name (page 12, lines 16-18). Here, movant merely states that it is acting in its capacity as "servicing agent" for Certificate holders of U.S. Bank N.A., suggesting that it is a nominal, rather than real, party in interest. Unless movant can demonstrate that it owns the loan or is an agent of the likely real party in interest, which it has not, then it must bring suit in the name of the real party in interest. In Mitchell, the movant was found to lack standing and its motion was denied for a similar violation of Rule 17. Accordingly, movant motion should be denied for lack of standing.

**B.     Movants have failed to provide a certify copy of the Note.**

Movant has failed to provide a properly certified copy of the Note or promise of payment, and therefore has not proved that it holds the Note in question. The movant has attached only a copy of a note which it claims is a true and correct copy, although no proof of current holder of physical note. The issues is whether the Movant is the physical holder of the note, which is a negotiable instrument. Movant has failed to prove they actually hold the Note in question. Accordingly, even if Movant had an interest in the deed of trust, it would have no right to foreclose on the Subject Property because there is no evidence that it is entitled to payment on the Note..

**C.     Movants have failed to prove they are a holder in due course of this Note.**

Nevada revised statute 104.3302 defines a holder in due course as follows:

Except as otherwise provided in subsection 3 of this section and

subsection 4 of NRS 104.3106, "holder in due course" means the holder

of an instrument if:

(a) The instrument when issued or negotiated to the holder does not bear

such apparent evidence of forgery or alteration or is not otherwise so

irregular or incomplete as to call into question its authenticity; and

(b) The holder took the instrument:

(1) For value;

(2) In good faith;

(3) *Without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series*;

(4) Without notice that the instrument contains an unauthorized signature or has been altered;

(5) Without notice of any claim to the instrument described in NRS 104.3306; and

(6) Without notice that any party has a defense or claim in recoupment described in subsection 1 of NRS 104.3305.

(NRS 104.3302; emphasis added)

In the present case, because the Movants have failed to show that in fact they are the one and only holder of the Note in question, they have failed to show that they are the holder in due course. Movants have specifically requested that they obtain relief from the automatic stay to commence and continue all acts necessary to foreclose under the Deed of trust secured by the Debtor's property. However, because they may not be a holder in due course, it is questionable whether or not Movants would have legal access to the remedies they seek. Additionally, unless they are holders in due course, at a minimum, they would be subject to any and all defenses which the Debtor may have, including any violations which may have occurred at the original time of the creation of the alleged obligation. As such, if Movants in fact wish to pursue any action against the Subject Property, they should do so through an adversary proceeding before this court, so both side can bring any claims or defenses they may have.

**D.    Movants are proceeding in Bad Faith.**

In the present case, Debtor is in the process of a loan modification. They have been discussing with representatives, allegedly representing those who hold the note in question, the possibility of modifying the obligation and the terms of that obligation. To be able to qualify for the modification, Debtor has been told they must be delinquent on the note. It is therefore bad faith on the part of the Movant to first require the Debtor to be delinquent in order to modify their loan, and then proceed to bring the present motion complaining that they are behind. Movant must first complete the process of the modification with Debtor before they will be in a position to complain about the delinquency which they have required.

## CONCLUSION

For the reasons stated above, the Motion for Relief From Automatic Stay filed by Movants should be denied. Movants have failed to show their standing in this matter and have failed to show they have listed all indispensable parties. Furthermore, Debtor is in the process of a loan modification, and the motion should be dismissed because it was brought in bad faith. Finally, debtor request a payment history to show what payments have been received and what those payments have been credited against.

Dated: January 25th, 2010

                                        Respectfully Submitted:
                                        CROSBY & ASSOCIATES

                              By:   /s/David M. Crosby
                                        David M. Crosby, Esq.
                                        Attorneys for Debtor

# CERTIFICATE OF MAILING

I, the undersigned, an employee of the Crosby & Associates, hereby certify that on the 25th day of January, 2010, I deposited in the United States Mail, first class mail, postage pre-paid, and or faxed a true and correct copy of the **Debtor's Opposition to Motion for Relief From Stay Regarding** to all parties listed below:

<u>Trustee</u>
Rick A. Yarnall
701 South Bridger, # 820
Las Vegas, NV 89101

<u>Debtor</u>
Julius Ramos Ilagan
4828 Teal Petals Street
North Las Vegas, NV 89081,

<u>Attorney</u>
Gregory L. Wilde. Esq
WILDE & ASSOCIATES
208 South Jones Blvd.
Las Vegas, Nevada 89107

Mark S. Bosco, Esq.
TIFFANY & BOSCO. P.A.
2525 East Camelback Road, Ste. 300
Phoenix, AZ 85016

/s/ Amelina Delgado
An employee of
**CROSBY & ASSOCIATES**